**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANNA THOMAS, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s)<br><br>v.<br><br>GERBER PRODUCTS COMPANY; NESTLE USA, INC.<br><br>Defendants. | Civil Action No.: 12-835 (JLL)<br><br>**OPINION** |
| IRENE DOURDOULAKIS and JOVEN JOSE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GERBER PRODUCTS COMPANY d/b/a NESTLE INFANT NUTRITION and NESTLE USA, INC.,<br><br>Defendants. | Civil Action No.: 12-1098 (JLL) |
| JASMINE WALKER, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>GERBER PRODUCTS COMPANY,<br><br>Defendant. | Civil Action No.: 12-1149 (JLL) |

| | |
|---|---|
| ANDREW RUDICH, individually and on behalf of all others similarly situated,<br><br>        Plaintiff(s),<br><br>v.<br><br>GERBER PRODUCTS COMPANY,<br><br>        Defendant. | Civil Action No.: 12-1283 (JLL) |
| SABA SIDDIQI, an individual, on behalf of herself and all others similarly situated,<br><br>        Plaintiff(s),<br><br>v.<br><br>GERBER PRODUCTS COMPANY;<br>NESTLE USA, INC.,<br><br>        Defendants. | Civil Action No.: 12-1878 (JLL) |

This matter comes before the Court by way of: (1) an unopposed motion filed by Plaintiffs Janna Thomas ("Thomas"), Irene Dourdoulakis ("Dourdoulakis"), Joven Jose ("Jose"), Jasmine Walker ("Walker"), Andrew Rudich ("Rudich"), and Saba Siddiqi ("Siddiqi") (collectively, "Plaintiffs") to consolidate the above captioned matters of Civ. Nos. 12-835 [Docket Entry No. 13]; 12-1098 [Docket Entry No. 12], 12-1149 [Docket Entry No. 13], 12-1283 [Docket Entry No. 9], and 12-1878 [Docket Entry No. 24] under the first-filed action of Civ. No. 12-835;[1] (2) a motion to appoint interim class counsel over the consolidated action filed by

---

[1] Since the Parties seek consolidation under Civ. No. 12-835, and since the complaints filed in the above-captioned actions are almost identical, any citation to a complaint will be to the Complaint of Plaintiff Thomas unless otherwise noted. Also, since the docketed motion practice with regard to Plaintiffs' Motion to Consolidate and Appoint Interim Class Counsel, Defendants' Opposition and Plaintiffs' Reply were filed under all five docket numbers, references to the

Carella, Byrne, Cecchi, Olstein, Brody & Agnello ("Carella Byrne"); and (3) a cross-motion for appointment of interim class counsel filed by the Law Offices of Ronald A. Marron, Esq. ("the Marron firm"), attorneys for Plaintiffs Thomas and Siddiqi. The Court has considered the submissions of the Parties in support of and in opposition to the instant motion, and decides the motion on the papers pursuant to Fed. R. Civ. P. 78. For the reasons stated herein, Plaintiffs' Motion to Consolidate the above-captioned matters is GRANTED. Carella Byrne's Motion for Appointment of Interim Class Counsel is also GRANTED, and the cross-motion filed by the Law Offices of Ronald A. Marron, Esq. for appointment of interim class counsel is DENIED.

## I. BACKGROUND

Plaintiffs filed five distinct consumer protection class action complaints asserting claims related to the marketing of probiotic baby formula and baby food by Gerber Products Company ("Gerber") and Nestle USA, Inc. ("Nestle"), specifically with respect to the marketing of Gerber DHA & Probiotic Single Grain Cereal, Good Start Gentle Formula, Good Start Protect Infant Formula, Good Start 2 Gentle Formula, and Good Start 2 Protect Formula. (Compl., ¶ 8). Generally, the complaints state that Defendants manufactured, labeled, marketed, distributed and sold the above-listed products to the public at a premium over its regular, non-probiotic-based cereals and formulas due to Defendants' claims that the probiotic formula had health benefits beyond basic nutrition, including supporting a healthy immune system, better brain and eye development, and better digestive health. (Id., ¶¶ 16-41).

Plaintiffs Dourdoulakis, Jose, Walker and Rudich filed their Motion to Consolidate the above-captioned cases on February 13, 2012. [Docket Entry No. 13]. Defendants, while not

---

above-cited briefs cite to the briefs as filed in Civil No. 12-835 unless otherwise noted.

opposing Plaintiffs' Motion to Consolidate, filed their response to Plaintiffs' Motion in order to set out their concerns for proper case management given the multiple complaints, pending class actions in California and Washington, and Carella Byrne's proposal to establish an Executive Committee and Liaison Counsel should it be appointed interim class counsel. [Docket Entry No. 15]. On April 23, 2012, Plaintiffs Thomas and Siddiqi filed their non-opposition to Plaintiffs' Motion to Consolidate as well as a Cross-Motion for Appointment of the Marron firm as Interim Counsel. [Docket Entry No. 16]. Plaintiffs filed their reply brief on April 30, 2012. [Docket Entry No. 18].

## II. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 42(a), a court may consolidate actions before it if said actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The purpose of consolidation is to "streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues." In re TMI Litig., 193 F.3d 613, 724 (3d Cir. 1999)(citation omitted). Consolidation is only a matter of "convenience and economy in administration," it does not "merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." Id. (citation omitted).

A court may also "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). In so designating, a Court looks to the factors as set out in Fed. R. Civ. P. 23(g)(1)(A) and (B), namely: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims

4

asserted in the action; (ii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class"; the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Courts apply the same Rule 23(g)(1) factors in choosing interim class counsel as they do in choosing class counsel at the time of certification of the class. See, e.g., Waudby v. Verizon Wireless Servs., LLC, 248 F.R.D. 173, 175-76 (D.N.J. 2008); In re Air Cargo Shipping Servs. Antitrust Litig., 240 F.R.D. 56, 57 (E.D.N.Y. 2006).

### III. DISCUSSION

The Court finds, and all Parties agree, that the complaints in the above-captioned matters contain common questions of law and fact. (See, e.g., Pl. Br., at 2-3; Defs. Opp'n, at 1; Cross-Mot. Br., at 1). All of the above actions were brought by purchasers of Gerber's probiotic baby products, and they all allege consumer fraud and other claims, raising substantially identical issues that should be litigated together to best ensure economy in and the efficient administration of the proceedings.[2]

The Court further finds that the factors weigh in favor of granting Carella Byrne's Motion for Appointment of Interim Class Counsel. While the Marron firm filed the first putative class action against Gerber Products and Nestle, and has identified and investigated claims on behalf of his clients in the Siddiqi and Thomas actions, Carella Byrnes has identified and investigated

---

[2] The Court notes that Defendants' concern regarding the filing of one amended complaint in the consolidated action was answered in Plaintiffs' Reply Brief in which they stated their intent to file a consolidated amended complaint once consolidation was granted by this Court. (See Pls. Reply Br., at 2). Regarding the pending class actions filed against Defendants in California and Washington, this Court lacks jurisdiction to order consolidation of any cases pending in foreign jurisdictions. (See Defs. Opp'n Br., at 2).

claims in its respective actions cited above, and has extensive experience in handling class actions and other complex litigation, including the types of claims asserted in the above-captioned actions, favoring their appointment in this case. (Cross-Mot. Br., at 1; Pls. Br., at 3 and Ex. A). In reviewing Carella Byrne's firm resume, it is clear that Carella Byrne has sufficiently demonstrated its qualifications as experienced litigators in the area of class action and complex litigation. Specifically, Carella Byrne has extensive experience in class action litigation dealing with consumer fraud (e.g., In re Vytorin/Zetia Marketing, Sales Practices and Products Liability Litigation; In re: Mercedes-Benz Tele-Aid Contract Litigation; In re Virgin Mobile USA IPO Litigation; The County of Monroe, Florida v. Priceline.com; Hertz Equipment Rental LDW Litigation). Carella Byrne has also demonstrated knowledge of the applicable law and of this Court's local rules and procedures through extensive litigation in this Court, other federal courts, and other state courts. Further, Carella Byrne have collaborated as class counsel before, and its proposed inclusive leadership structure in coordinating Plaintiffs' Counsel in an Executive Committee, coupled with its broader base of resources than the Marron firm, favor a Carella Byrne appointment.[3] The resources counsel will commit to representing the class–including the significant financial and human resources available–is a factor satisfied through the firms' well-established, respected and experienced attorneys as well as their ability to pool resources for a broad pool of putative class members. (See Pls. Reply Br., at 4-5). The Court is satisfied that Carella Byrne will work together with the Marron and other firms to further the class's interests and maximize their recovery.

---

[3]The Court takes note of Defendants' concerns regarding case management and negotiation with the Executive Committee (Defs. Opp'n Br., at 3).

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Consolidate the above-captioned matters is GRANTED. The Court also grants Carella Byrne's Motion for Appointment as Interim Class Counsel, denying the Law Offices of Ronald A. Marron's Cross-Motion for Appointment as Interim Class Counsel. An appropriate Order accompanies this Opinion.

DATED: May 8, 2012

Jose L. Linares
United States District Judge